UNITED STATES DISTRICT COURT
SOUTHERN OF NEW YORK

------------------------------------------------- X

David Thames on behalf of himself
and classes of those similarly
situated, and Fabiola Adonis, Akash
Ahmed, Augstin Alvarez, James
Anderson, Kenneth Bird, Saleha
Biswas, Annabelle Boose, Chris
Bradshaw, Santrese Brower-Haynes,
Paul Brown, Jeffrey Coleman,
Tammie Cromartie, Noel Reyes
Contreras, Antionette Davis, Patricia
Deline, Jasmin Diaz, Hakan Duzel,
Alfonso Esquivel, Vilma Flamenco,
Taga Fahim, Salvatore Grande, Akes
Handy, Kim Harley, Roger Hillaire,
Luke Hopkins, Suzette Johnson,
David Latimer, Doris Laya Calle,
Lisa Muse, Roudy Noel, Nathan
Ouderkirk, Denise Pokrentowski, Iris
Rivera, Awilda Rosario, Joeann
Starling, Judith Sutherland, Sherron
Thomas, Leon Tucker, Marcus
Vaughn, and Denise Williams
collectively,

          Plaintiffs,

vs.

KFC Corporation,

          Defendant.

------------------------------------------------- X

Case No. 1:07-cv-06836-WHP

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant KFC Corporation ("Defendant"), by and through its attorneys, in response to the Complaint filed against it by David Thames on behalf of himself and classes of those similarly situated, and Fabiola Adonis, Akash Ahmed, Augstin Alvarez, James Anderson, Kenneth Bird, Saleha Biswas, Annabelle Boose, Chris Bradshaw, Santrese Brower-Haynes, Paul Brown, Jeffrey Coleman, Tammie Cromartie, Noel Reyes Contreras, Antionette Davis, Patricia

Deline, Jasmin Diaz, Hakan Duzel, Alfonso Esquivel, Vilma Flamenco, Taga Fahim, Salvatore Grande, Akes Handy, Kim Harley, Roger Hillaire, Luke Hopkins, Suzette Johnson, David Latimer, Doris Laya Calle, Lisa Muse, Roudy Noel, Nathan Ouderkirk, Denise Pokrentowski, Iris Rivera, Awilda Rosario, Joeann Starling, Judith Sutherland, Sherron Thomas, Leon Tucker, Marcus Vaughn, and Denise Williams (collectively, "Plaintiffs"), on their own behalf collectively sets forth herein this Answer as follows:

## PRELIMINARY STATEMENT

1. Defendant admits that David Thames, Fabiola Adonis, Akash Ahmed, Augstin Alvarez, James Anderson, Kenneth Bird, Saleha Biswas, Annabelle Boose, Chris Bradshaw, Santrese Brower-Haynes, Paul Brown, Jeffrey Coleman, Tammie Cromartie, Noel Reyes Contreras, Antionette Davis, Patricia Deline, Jasmin Diaz, Hakan Duzel, Alfonso Esquivel, Vilma Flamenco, Taga Fahim, Salvatore Grande, Akes Handy, Kim Harley, Roger Hillaire, Luke Hopkins, Suzette Johnson, David Latimer, Doris Laya Calle, Lisa Muse, Roudy Noel, Nathan Ouderkirk, Denise Pokrentowski, Iris Rivera, Awilda Rosario, Joeann Starling, Judith Sutherland, Sherron Thomas, Leon Tucker, Marcus Vaughn, and Denise Williams (the "Named Plaintiffs") purport to bring their individual claims collectively in this action. Defendant admits that the Named Plaintiffs worked as assistant unit managers in Defendant's restaurants. Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff David Thames purports to bring claims under the laws and regulations of New York on behalf of himself and allegedly similarly situated current and former assistant unit managers who worked in New York during the six year statutory period. Defendant denies that any such employees are similarly situated. Defendant denies that there are or were any violations of New York Labor Law § 605, *et seq.*, or the supporting New

York State Department of Labor regulations (collectively, "New York Labor law"). Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that Plaintiffs Fabiola Adonis, Akash Ahmed, Augstin Alvarez, James Anderson, Kenneth Bird, Saleha Biswas, Annabelle Boose, Chris Bradshaw, Santrese Brower-Haynes, Paul Brown, Jeffrey Coleman, Tammie Cromartie, Noel Reyes Contreras, Antionette Davis, Patricia Deline, Jasmin Diaz, Hakan Duzel, Alfonso Esquivel, Vilma Flamenco, Taga Fahim, Salvatore Grande, Akes Handy, Kim Harley, Roger Hillaire, Luke Hopkins, Suzette Johnson, David Latimer, Doris Laya Calle, Lisa Muse, Roudy Noel, Nathan Ouderkirk, Denise Pokrentowski, Iris Rivera, Awilda Rosario, Joeann Starling, Judith Sutherland, Sherron Thomas, Leon Tucker, Marcus Vaughn, and Denise Williams purport to bring New York Labor law claims on behalf of themselves. Defendant denies that there are or were any violations of New York Labor law. Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant specifically denies that there were any violations or willful violations of federal or state law. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Thames is currently a resident of the State of New York. Defendant admits that Plaintiff Thames previously worked for Defendant as assistant unit manager. Defendant admits that it operates or has operated a quick-service restaurant in Bronx, New York. Defendant specifically denies the allegation that Plaintiff is an "employee" under New York Labor law. Defendant neither admits nor denies the allegations as to the Plaintiff's

3

status as an "employee" under the FLSA as such allegations state legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 5 of the Complaint

6. Defendant admits that Plaintiffs Fabiola Adonis, Akash Ahmed, Augstin Alvarez, James Anderson, Kenneth Bird, Saleha Biswas, Annabelle Boose, Chris Bradshaw, Santrese Brower-Haynes, Paul Brown, Jeffrey Coleman, Tammie Cromartie, Noel Reyes Contreras, Antionette Davis, Patricia Deline, Jasmin Diaz, Hakan Duzel, Alfonso Esquivel, Vilma Flamenco, Taga Fahim, Salvatore Grande, Akes Handy, Kim Harley, Roger Hillaire, Luke Hopkins, Suzette Johnson, David Latimer, Doris Laya Calle, Lisa Muse, Roudy Noel, Nathan Ouderkirk, Denise Pokrentowski, Iris Rivera, Awilda Rosario, Joeann Starling, Judith Sutherland, Sherron Thomas, Leon Tucker, Marcus Vaughn, and Denise Williams previously worked for Defendant as assistant unit managers in New York. Defendant specifically denies that Plaintiffs were "employees" under New York Labor law. Defendant neither admits nor denies the allegations as to the Plaintiffs' status as "employees" under the FLSA as such allegations state legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant admits that it is a corporation foreign to the State of New York with its principal place of business in Louisville, Kentucky. Defendant admits that it operates or has operated numerous quick-service restaurants in various states across the country, including New York. Defendant neither admits nor denies the allegations as to its status as an "employer" under the FLSA or any state statutory provision, as they state legal conclusions to which no response is required.

**JURISDICTION AND VENUE**

8.   Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant admits that Plaintiffs purport to bring this action under New York Labor law, over which this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1367. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act, 29 U.S.C. § 216. Defendant admits that Plaintiffs' allegations are sufficient to provide the Court jurisdiction under the Class Action Fairness Act but denies that there are 100 or more members of a class that properly can be certified in this matter and denies that Plaintiffs have any viable claims, much less viable claims that exceed $5,000,000 in the aggregate.

9.   Defendant admits that Plaintiffs allege claims which purport to derive from a common nucleus of operative fact, over which this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1367. Defendant denies that Plaintiffs' state law claims may be certified as a class action and denies that the claims arise from a common nucleus of operative fact.

10.  Defendant admits that venue is proper in the Southern District of New York. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.  Defendant admits that it operates or has operated quick-service restaurants in Bronx County. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

12.  Defendant admits that Named Plaintiffs worked as assistant unit managers in Defendant's restaurants. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.  Defendant denies the allegations in paragraph 13 of the Complaint.

14.  Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant specifically denies that Plaintiffs may bring their claims collectively, in this or any other action. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant specifically denies that there are or were any violations or willful violations of the FLSA or state law. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

## CLASS ACTION ALLEGATIONS

17. Defendant admits that Plaintiff Thames purports to bring claims under the laws of New York on his own behalf and as a putative class action, but Defendant denies that any class claims have been properly asserted or that any class is properly certifiable. Defendant denies that any of these claims can be maintained as class actions under the Federal Rules of Civil Procedure. Defendant admits that Plaintiff Thames identifies a putative class of persons whom he seeks to include in the purported class action, but Defendant denies that any such putative classes can be maintained under the Federal Rules of Civil Procedure. Defendant incorporates by reference as though set forth fully herein its answers to paragraphs 1 through 16 of the Complaint. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies that there are or were any violations of federal or state labor laws. Defendant denies the remaining allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff purports to intend to send notice to all members of the class. Defendant denies that any such putative class action can be maintained under the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### Violation of Fair Labor Standards Act
### On Behalf of the Named Plaintiffs Collectively

27. Defendant incorporates by reference as though set forth fully herein its answers to paragraphs 1 through 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant admits that Plaintiffs have attached purported consents to the Complaint.

36. Defendant specifically denies that there are or were any violations or willful violations of the FLSA. Defendant denies the remaining allegations in paragraph 36 of the Complaint.

## SECOND CLAIM FOR RELIEF

### New York State Labor Law

**Named Plaintiffs on Their Own Behalf and the NY Class Representative on Behalf of the NY Class Members**

37. Defendant incorporates by reference as though set forth fully herein its answers to paragraphs 1 through 36 of the Complaint.

38. Defendant neither admits nor denies the allegation as to the status of Plaintiff Thames, the Named Plaintiffs or any of the putative class of persons as "employees" under New York law, as it states a legal conclusion to which no response is required.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. To the extent that it purports to state requirements of New York law, Defendant neither admits nor denies the allegations in paragraph 40 of the Complaint as they state legal conclusions to which no response is required. Defendant specifically denies that Plaintiffs or any of the putative class are not or were not exempt from any overtime pay requirements under New York law. Defendant denies the remaining allegations in paragraph 40 of the Complaint.

41. Defendant specifically denies that there are or were any violations of New York law. Defendant denies the remaining allegations in paragraph 41 of the Complaint.

42. Defendant specifically denies that there are or were any violations of New York law. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant specifically denies that there are or were any violations of New York law and, therefore, denies that Plaintiff Thames, the Named Plaintiffs or any of the putative class is entitled to damages or any other legal or equitable relief under New York law. Defendant admits that Plaintiffs purport to waive liquidated damages on behalf of themselves and the class they purport to represent. Defendant denies the remaining allegations in paragraph 43 of the Complaint.

44. Defendant specifically denies that there are or were any violations or willful violations of New York law and, therefore, denies that Plaintiff Thames, the Named Plaintiffs or any of the putative class is entitled to attorneys' fees or costs under New York law. Defendant denies the remaining allegations in paragraph 44 of the Complaint.

45. Defendant denies that the Named Plaintiffs are entitled to any relief.

46. Defendant denies that Plaintiff Thames, the Named Plaintiffs or any of the putative class are entitled to any relief.

47. Defendant admits that Plaintiff Thames, the Named Plaintiffs and the putative class demand a trial by jury.

## GENERAL DENIAL

All allegations not specifically admitted herein are hereby denied.

## DEFENSES

### Defenses Applicable to All Counts

1. Plaintiffs were previously parties to Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn. Plaintiffs' claims in Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn., were ordered dismissed on June 4, 2007, effective August 3, 2007. In that action, Plaintiffs admitted to that Court that they are not similarly situated by successfully moving to decertify the conditionally-certified Parler class on the basis that their job duties varied on a restaurant-by-restaurant basis. Accordingly, the Complaint must be dismissed because Plaintiffs are judicially estopped from proceeding collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or from joining their claims under the Federal Rules of Civil Procedure, or otherwise.

2. Plaintiffs have failed to state any facts entitling them to proceed collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or to join their claims under the Federal Rules of Civil Procedure, or otherwise.

3. Plaintiffs should be dismissed, in whole or in part, because they are improperly joined as parties.

4. To the extent that Defendant failed to comply with any aspect of federal or state wage and hour laws, which alleged failure is specifically denied, such conduct was not willful or intentional, but rather occurred in good faith.

5. Plaintiffs have failed to state any facts entitling them or any other putative plaintiff or class members to any liquidated or punitive damages, penalties, pre-judgment or post-judgment interest.

6. Plaintiffs failed to exhaust their administrative remedies.

7. The Complaint should be dismissed due to Plaintiffs' failure to pay the costs of a previously dismissed action (namely, Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn.) pursuant to Fed. R. Civ. P. 41(d).

8. Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, judicial, collateral and equitable estoppel, and/or unclean hands.

9. Plaintiffs' claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment, and release.

10. The Complaint fails to allege any adequate basis upon which to seek damages.

11. Plaintiffs have failed to mitigate their alleged damages.

12. Plaintiffs' claims are barred to the extent that they misperformed their respective duties or failed to perform those duties which Defendant realistically expected each to perform.

13.   Allowing this action to proceed as a collective action or as a class action would violate Defendant's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a classwide basis.

14.   Plaintiffs' claims are barred to the extent that they or any purportedly similarly situated employee has executed a compromise and release of any claims asserted in this lawsuit.

15.   The claims of Plaintiffs and putative plaintiffs and class members are barred or subject to offset or reduction to the extent that their salaries were intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek. Under these circumstances, even if found to be entitled to overtime pay, which Defendant expressly denies, Plaintiffs and putative plaintiffs and class members would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

16.   Defendant reserves the right to assert additional defenses upon discovery of further information regarding Plaintiffs' claims and upon the development of other relevant information.

### Additional Defenses to the First Claim – FLSA

17.   The First Claim fails to state a claim upon which relief can be granted.

18.   The First Claim fails to state a claim upon which relief can be granted because at least one of Plaintiffs' Consent Forms attached to their Complaint is deficient on its face.

19.   The First Claim is barred by the fact that Plaintiffs were exempt employees under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213.

20.   The First Claim is barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were

preliminary or postliminary to their principal activities, or to the extent that such time was de minimis.

21. The First Claim does not comply with the requirements for a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and must be dismissed, in whole or in part, because Plaintiffs are not similarly situated. Plaintiffs have admitted to the U.S. Dist. Court in Minnesota that they are not similarly situated by successfully moving to decertify the conditionally-certified Parler class on the basis that their job duties varied on a restaurant-by-restaurant basis. As a result, Plaintiffs are estopped from proceeding collectively on a statewide basis.

22. To the extent that Defendant failed to comply with any aspect of the FLSA, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA, and thus Plaintiffs' claim for liquidated damages, in whole or in part, is barred under Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

23. The First Claim, in whole or in part, is barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Defendant's conduct was at all times in good faith in conformity with and in reliance on the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

24. The First Claim, in whole or in part, is time barred by the applicable statutes of limitations, including but not limited to the statute of limitations for actions pursuant to the FLSA, 29 U.S.C. § 255.

25. Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

### Additional Defenses to the Second Claim – New York State Law

26.     The Second Claim fails to state a claim upon which relief can be granted.

27.     The Second Claim is barred by the applicable statute of limitations to the extent that it seeks recovery of alleged unpaid overtime wages outside the limitations period set forth in the New York Labor Law, § 663(3).

28.     Pursuant to New York Labor Law § 651(5) which exempts from overtime compensation any employee employed in a bona fide executive capacity, Plaintiff Thames and the putative class members identified in Paragraph 17 of the Complaint are not entitled to overtime compensation.

29.     To the extent that Defendant failed to comply with any aspect of the New York Labor law, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the New York Labor law.

30.     Defendant's conduct was at all times in good faith in conformity with and in reliance on applicable administrative rulings, practices, enforcement policies, and other administrative authority.

31.     Plaintiffs cannot proceed on the Second Claim under 28 U.S.C. § 1367 as an opt-out class action. The exercise of supplemental jurisdiction would be inappropriate because such a proceeding would be contrary to federal policy and the clear intent of Congress as established in 29 U.S.C. § 216(b).

32.     Plaintiffs cannot proceed on the Second Claim as an opt-out class action because such a proceeding would be contrary to federal policy and the clear intent of Congress as

established in 29 U.S.C. § 216(b) and would therefore violate the Rules Enabling Act, 28 U.S.C. § 2072(b).

33.     The Court lacks subject matter jurisdiction over any claims brought on behalf of members of the putative New York class who have not filed timely consents to join the FLSA collective action.

34.     The Second Claim does not comply with the requirements for a class action under Fed. R. Civ. P. 23(b) and must be dismissed, in whole or in part, because the putative class is not similarly situated. Plaintiffs have admitted to the U.S. Dist. Court in Minnesota that they are not similarly situated by successfully moving to decertify the conditionally-certified Parler class on the basis that their job duties varied on a restaurant-by-restaurant basis. As a result, Plaintiffs are estopped from pursuing a class action on a statewide basis.

35.     Plaintiff Thames and the putative class members identified in Paragraph 17 of the Complaint are not entitled to class action certification under Fed. R. Civ. P. 23 because they cannot satisfy the requirements for bringing a class action, they have failed to define a class clearly and objectively, they lack standing, and they cannot adequately represent the interests of potential class members.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in Defendant's favor on the Complaint in its entirety;

2.      For all costs and attorneys' and/or experts' fees herein incurred; and

3.      For such other and further relief as the Court deems just and proper.

Date: August 21, 2007

MAYER, BROWN, ROWE & MAW, LLP

By _____
John M. Conlon (JC-3616)

1675 Broadway
New York, New York 10019
(212) 506-2500

Attorneys for Defendant

Of Counsel:
Robert P. Davis
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000

Diana Hoover
MAYER, BROWN, ROWE & MAW LLP
700 Louisiana Street
Suite 3400
Houston, TX 77002
Telephone: (713) 238-2628
Fax: (713) 238-4628