# Exhibits F-H

# EXHIBIT F

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTIAN PARLER Carmen Brooks, Arturo Neyra, Linda Rodriguez, David Thames, Thomas Wellman, and Troy Williams, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>KFC Corporation,<br><br>　　　　　　Defendant. | Court File No. 05-2198 PJS/JJG<br><br>**DEFENDANT'S AMENDED NOTICE OF MOTION FOR AN ORDER DECLARING THAT PLAINTIFFS HAVE WAIVED THEIR RIGHT TO ARBITRATE AND ENJOINING PLAINTIFFS FROM PURSUING ARBITRATION** |

TO: Plaintiff Christian Parler, through his attorneys, Donald H. Nichols, Paul J. Lukas, and Michele R. Fisher, Nichols, Kaster & Anderson, PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402

PLEASE TAKE NOTICE that on Thursday, September 6, 2007, at 9 a.m., at 180 E. Fifth Street, 7th Floor, in Courtroom 3, before The Honorable Patrick J. Schiltz, Defendant KFC Corporation will move the Court for an Order granting its Motion For An Order Declaring That Plaintiffs Have Waived Their Right To Arbitrate And Enjoining Plaintiffs From Pursuing Arbitration.

Dated: June 29, 2007                        DORSEY & WHITNEY LLP

                                                                s/ Gabrielle D. Mead
                                         By: Robert R. Reinhart #0090566
                                              Gabrielle D. Mead #0341575
                                              Suite 1500, 50 South Sixth Street
                                              Minneapolis, MN 55402-1498
                                              Telephone: (612) 340-2600

                                              Robert P. Davis (*admitted pro hac vice*)
                                              Robert C. Varnell (*admitted pro hac vice*)
                                              MAYER, BROWN, ROWE & MAW LLP
                                              1909 K Street N.W.
                                              Washington, D.C. 20006
                                              Telephone: (202) 263-3000

                                              *Attorneys for Defendant KFC Corporation*

# EXHIBIT G

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re:

KFC ASSISTANT UNIT MANAGER FAIR
LABOR STANDARDS ACT LITIGATION

MDL Docket No. ____

**MOTION OF DEFENDANT KFC CORPORATION FOR TRANSFER OF ACTIONS
TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED PRETRIAL PROCEEDINGS**

1. Defendant KFC Corporation ("KFC") in the twenty-eight cases listed in the attached Schedule of Actions respectfully moves this Panel, pursuant to 28 U.S.C. § 1407, for an Order (i) transferring the twenty-six cases pending in districts other than the District of Minnesota for coordinated pretrial proceedings with the two cases already pending in that district, *Parler et al. v. KFC Corp.*, No. 05-cv-02198-PJS-JJG (D. Minn.) and *Ackerman et al. v. KFC Corp.*, No. 07-cv-02656-PJS-JJG (D. Minn.) and (ii) assigning the transferred cases to Judge Schiltz, who is already presiding over *Parler* and *Ackerman*.

2. Each of the twenty-eight actions grows out of the decertification of the *Parler* case, a conditionally certified nationwide collective action under the FLSA that remains pending in the District of Minnesota as an individual action.

3.      Each of the twenty-eight complaints contains substantively identical allegations that KFC violated the Fair Labor Standards Act ("FLSA") and, in some cases, parallel state laws by classifying Plaintiffs, current and former KFC Assistant Unit Managers ("AUMs"), as exempt employees. Indeed, the complaints are essentially carbon copies of one another, the only differences relating to whether they allege FLSA claims only or also include substantively identical state-law claims and whether Plaintiffs seek to represent a class under Fed. R. Civ. P. 23 or only seek to proceed "collectively," or, in a handful of cases, individually.

4.      Plaintiffs in each of the twenty-eight actions are represented by the same Minneapolis, Minnesota-based law firm.

5.      In twenty-four cases, Plaintiffs seek to proceed "collectively" or on behalf of a class pursuant to Fed. R. Civ. P. 23. These cases all raise the same question whether Plaintiffs are judicially estopped from proceeding in that manner based on representations that they made to the court in *Parler*.

6.      KFC has moved for an order denying certification of a class or collective action on judicial estoppel grounds in the *Ackerman* case and intends to do so in all other cases in which Plaintiffs seek to proceed "collectively" or on behalf of a class. A hearing on the motion in *Ackerman* is scheduled for September 6 before Judge Schiltz.

7.      The *Parler* case has now been pending in the District of Minnesota for almost two years. Judge Schiltz and Magistrate Judge Graham have become thoroughly familiar with the facts of and issues involved in these cases—including the facts and representations underlying the judicial estoppel issue discussed in paragraphs 5 and 6, *supra*.

8.      Following decertification of the *Parler* action, 324 Plaintiffs filed demands for arbitration with the American Arbitration Association. KFC's motion to enjoin those arbitrations

on the ground that Plaintiffs have waived the right to arbitrate is pending before the Court in *Parler* and is also scheduled for a hearing on September 6 before Judge Schiltz.

9. Based on the foregoing and for the reasons stated in more detail KFC's supporting memorandum submitted herewith, the twenty-eight cases listed in the attached Schedule of Actions, when considered as a whole, involve common questions of fact and transfer would be convenient for the parties and witnesses and promote the just and efficient conduct of the actions. 28 U.S.C. § 1407(a). Therefore, KFC's Motion should be granted, and the cases should be centralized in the District of Minnesota and assigned to Judge Schiltz for coordinated pretrial proceedings.

Dated: August 21, 2007

By: _____
Robert P. Davis
Robert C. Varnell
Tamara S. Killion
Jack L. Wilson
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000

*Attorneys for Defendant KFC Corporation*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re:<br><br>KFC ASSISTANT UNIT MANAGER FAIR<br>LABOR STANDARDS ACT LITIGATION | MDL Docket No. _____ |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT KFC CORPORATION FOR TRANSFER OF ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

## INTRODUCTION

Pursuant to 28 U.S.C. § 1407, Defendant KFC Corporation ("KFC") requests an Order transferring the twenty-six cases in the attached Schedule of Actions pending in districts other than the District of Minnesota to the District of Minnesota for coordinated pretrial proceedings with the two similar cases already pending in that court. These twenty-eight actions (the "KFC FLSA Cases") all grow out of the decertification of a conditionally certified, nationwide collective action in the District of Minnesota, *Parler et al. v. KFC Corp.*, No. 05-cv-02198-PJS-JJG (D. Minn.), and all allege that KFC improperly classified its Assistant Unit Managers ("AUMs") as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and various state wage and hour laws. The *Parler* case, now scheduled to proceed as an individual action, and *Ackerman et al. v. KFC Corp.*, No. 07-cv-02656-PJS-JJG (D. Minn.), a recently-filed putative collective and class action under the FLSA and the Minnesota wage and hour laws, are currently pending in the District of Minnesota before Judge Schiltz.

Although, as Plaintiffs conceded in *Parler*, the KFC FLSA Cases do *not* present "common questions of fact" in the sense that any particular plaintiff may proceed collectively or on behalf of a class or join his or her claims with those of any other plaintiff, the cases do as a whole involve common questions of fact—and will inevitably involve overlapping discovery and common discovery and case management issues—in that they involve substantively identical allegations, and, in twenty-four of the twenty-eight cases, Plaintiffs seek to proceed "collectively," *see* 29 U.S.C. § 216(b), and/or on behalf of a class under Federal Rule of Civil Procedure 23. In addition, the twenty-four cases involving multiple plaintiffs also raise the common question whether Plaintiffs are judicially estopped from proceeding collectively or on behalf of a class or joining their claims based on the same underlying facts—*i.e.*, certain representations that they made to the court in *Parler*. Therefore, as explained in more detail *infra*, a transfer to the Dis-

trict of Minnesota for coordinated proceedings would be convenient for the parties, promote the just and efficient conduct of the actions, and conserve judicial resources in the twenty-six other affected district courts across the country. Further, the cases should be transferred to Judge Schiltz in the District of Minnesota because, among other factors discussed *infra*, he has become familiar with the issues involved during the fifteen months he has presided over the *Parler* action, and Minnesota's geographically central, easily accessible location makes it an ideal forum for centralization of these cases, which are now dispersed nationwide.

## FACTUAL BACKGROUND

### A.    The *Parler* Case

In September 2005, Christian Parler filed suit in the District of Minnesota against KFC, claiming that he and other, allegedly similarly situated AUMs were entitled to overtime compensation under the FLSA. *Parler*, Dkt. No. 1. The parties subsequently stipulated to conditionally certify the case as a nationwide collective action for distribution of notice and discovery,[1] *see Parler*, Dkt. No. 51, and 993 individuals eventually filed written consents to join the action. In June 2006, Plaintiffs moved to amend the complaint to bring class action claims under the wage and hour laws of eight different states; that motion was granted as to seven of the eight states. *Parler*, Dkt. Nos. 96, 97, 118.

In October 2006, *Plaintiffs* moved to decertify the conditionally certified collective action on the ground that their "job duties vary from 'restaurant to restaurant.'" *Parler*, Dkt. No. 137 at 2. Plaintiffs also requested that the claims of the non-Minnesota opt-in plaintiffs be transferred

---

[1]    At the notice stage of FLSA cases, courts apply a "fairly lenient standard" that "typically results" in conditional certification and notice to potential class members based on even a "modest factual showing" of similarity. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) (internal quotation marks omitted).

to twenty-eight new courts nationwide, with all of the Minnesota opt-ins remaining in the *Parler* case in the District of Minnesota. *Id.* at 1. KFC responded by agreeing with Plaintiffs that decertification was appropriate *because of* the "restaurant to restaurant" variations in Plaintiffs' job duties. *Parler*, Dkt. No. 151. However, KFC opposed Plaintiffs' transfer requests for two primary reasons: First, as a matter of black letter law, decertification of an FLSA collective action results in the dismissal of all opt-in plaintiffs without prejudice, not transfer. *Id.* at 1, 7-8. Second, by representing to the *Parler* court that their "job duties vary from 'restaurant to restaurant,'" Plaintiffs would be judicially estopped from pursuing the statewide collective or class actions they envisioned. *Id.* at 2, 6-7.

Magistrate Judge Graham recommended that Plaintiffs' motion to decertify the collective action be granted. *Parler*, Dkt. No. 169. Judge Graham's Report and Recommendation stated: "Because their job duties differ on a restaurant-by-restaurant basis, the plaintiffs concede that they are not similarly situated." *Id.* at 2. Judge Graham further stated that Plaintiffs had "not adequately shown a common policy, unique to employees in any particular state, that would justify their reorganization into state-by-state groups"; that it was "probable, moreover, that such groups would not even qualify for *conditional* certification"; and that, in short, "there [was] inadequate factual support and no legal support for" the transfers that Plaintiffs requested. *Id.* at 3-4, 5 (emphasis added).

Plaintiffs did not object to Judge Graham's recommendation of decertification but did object to her characterization of their concessions. *Parler*, Dkt. No. 170. Judge Schiltz denied Plaintiffs' request that "the Court ... 'correct' [Judge Graham's opinion] in order to prevent [KFC] from using [it] against plaintiffs in subsequent litigation." *Id.* at 2. Judge Schiltz rea-

soned that "Judge Graham was not ... making any factual finding. Rather, she was characterizing statements made by plaintiffs in their papers," which "speak for themselves." *Id.*

### B. *Parler* Progeny

Since Judge Schiltz's Order decertifying the *Parler* action,[2] Plaintiffs have filed twenty-seven new cases around the country, including *Ackerman, supra*, a putative collective and class action under the FLSA and Minnesota wage and hour laws filed in the District of Minnesota. Twenty-five of these new cases were filed in federal court. In Illinois and Pennsylvania, Plaintiffs filed in state court, but KFC properly removed these cases based on federal question jurisdiction and diversity jurisdiction under the Class Action Fairness Act. In twenty-four of these cases, Plaintiffs seek to proceed "collectively" (presumably under the FLSA's collective action provision, 29 U.S.C. § 216(b)) and/or on behalf of a class under Federal Rule of Civil Procedure 23. In twelve cases, Plaintiffs assert parallel state-law claims in addition to their FLSA claims; in seven of these cases, they specifically seek to pursue their state-law claims on behalf of a class pursuant to Rule 23. The *Parler* case also remains pending in the District of Minnesota as an individual action.[3] In addition, 324 of the *Parler* plaintiffs filed demands for arbitration with the American Arbitration Association ("AAA"). KFC has filed a motion in *Parler* to enjoin these arbitrations on the ground that Plaintiffs waived the right to arbitrate by opting into the *Parler* action and pursuing their claims in court for well over a year. *Parler*, Dkt. Nos. 185, 87. A hearing on KFC's motion is scheduled for September 6. *Parler*, Dkt. No. 191.

---

[2] The Order was entered on June 4 and became effective August 3, *Parler*, Dkt. No. 170, with respect to all plaintiffs other than the 324 plaintiffs who, as discussed just below, have filed demands for arbitration with the American Arbitration Association, *Parler*, Dkt. No. 193. Dismissal of those plaintiffs has been stayed pending further order of the Court. *Id.*

[3] The Connecticut, Missouri, and Tennessee cases are also styled as individual actions.

In all of these new cases, Plaintiffs are represented by the same Minneapolis, Minnesota law firm that represented them in *Parler*. All of the new cases are also premised on the same allegation made in *Parler*—*i.e.*, that KFC improperly classifies AUMs as exempt from the overtime requirements of the FLSA and various state laws.

## ARGUMENT

**I.     The KFC FLSA Cases Should Be Transferred And Coordinated Under § 1407(a).**

This Panel is authorized to transfer civil actions "involving one or more common questions of fact [that] are pending in different districts" if transfer would be "for the convenience of parties and witnesses" and would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The KFC FLSA Cases satisfy these three statutory requirements and should therefore be transferred for coordinated proceedings.

*First*, the cases involve "common questions of fact" such that transfer is appropriate. In each of the cases, Plaintiffs make substantively identical allegations concerning their job duties and their alleged misclassification as exempt from the overtime requirements of the FLSA and parallel state wage and hour laws. The Panel has consistently held that such exempt status cases are appropriate for centralization for coordinated proceedings. *See, e.g., In re Wells Fargo Loan Processor Overtime Pay Litigation*, --- F. Supp. 2d ----, 2007 WL 1853954, at *1 (J.P.M.L. June 22, 2007); *In re Wachovia Sec., LLC, Wage & Hour Litig.*, 469 F.Supp.2d 1346, 1347 (J.P.M.L. 2006); *In re Dollar Gen. Corp. FLSA Litigation*, 346 F. Supp. 2d 1368, 1369 (J.P.M.L. 2004); *In re Allstate Ins. Co. FLSA Litigation*, 283 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003).