**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- X

David Thames on behalf of himself          :
and classes of those similarly
situated, and Fabiola Adonis, Akash        :
Ahmed, Augstin Alvarez, James
Anderson, Kenneth Bird, Saleha             :
Biswas, Annabelle Boose, Chris
Bradshaw, Santrese Brower-Haynes,          :
Paul Brown, Jeffrey Coleman,
Tammie Cromartie, Noel Reyes               :
Contreras, Antionette Davis, Patricia
Deline, Jasmin Diaz, Hakan Duzel,          :
Alfonso Esquivel, Vilma Flamenco,
Taga Fahim, Salvatore Grande, Akes         :
Handy, Kim Harley, Roger Hillaire,
Luke Hopkins, Suzette Johnson,                      Case No. 1:07-cv-06836-WHP
David Latimer, Doris Laya Calle,           :
Lisa Muse, Roudy Noel, Nathan
Ouderkirk, Denise Pokrentowski, Iris               ECF Case
Rivera, Awilda Rosario, Joeann             :
Starling, Judith Sutherland, Sherron
Thomas, Leon Tucker, Marcus                :
Vaughn, and Denise Williams
collectively,                              :

                 Plaintiffs,              :

vs.                                        :

KFC Corporation,                           :

                 Defendant.               :

-------------------------------------------------- X

**Defendant's Memorandum of Law In Support of Motion to Stay Proceedings**
**<u>Pending a Decision by the Judicial Panel for Multidistrict Litigation</u>**

Defendant KFC Corporation respectfully submits this memorandum in support of its motion to stay all proceedings in this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407.

## **Background**

In September 2005, a group of KFC Assistant Unit Managers ("AUMs") commenced a putative collective action in the United States District Court for the District of Minnesota, alleging that KFC had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime to AUMs at its restaurants. Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn. Based upon the relatively lenient standard for conditional class certification in FLSA actions, KFC stipulated to conditional certification of a nationwide class. Plaintiffs sent notice to more than 3,500 potential class members using contact information provided by KFC, and 993 AUMs opted to assert claims for overtime. Plaintiffs amended their complaint in September of 2006 to add state-law claims for Rule 23 classes in Minnesota, Illinois, Nevada, New Jersey, New York, Ohio, and Pennsylvania. Throughout the Parler litigation, the parties conducted extensive discovery, including depositions of 37 Plaintiffs and several KFC representatives.

In October 2006, Plaintiffs moved for decertification of their action because their job duties vary from restaurant to restaurant. The Court agreed, granted the motion to decertify, and dismissed without prejudice all Plaintiffs except Christian Parler from the case. Parler Order, Conlon Affirmation Ex. A [Parler Docket 180].

The decertified class splintered, in most cases by state,[1] and over 500 former <u>Parler</u> Plaintiffs filed new cases: 25 actions in federal court and 2 in state court.[2]  324 former <u>Parler</u> Plaintiffs filed individual requests for arbitration before the American Arbitration Association ("AAA"), and requested arbitration in more than 175 cities throughout the United States.  All of these actions have been filed by the same national  counsel within the past 90 days on behalf of former <u>Parler</u> Plaintiffs, and in each instance, Plaintiffs allege the same FLSA violations.[3]  To date, Plaintiffs have served virtually identical discovery requests in 17 actions, including this action, to which Defendants are responding in due course, and Plaintiffs and Defendants have met, conferred and exchanged initial disclosures in the actions as the Federal Rules of Civil Procedure require.  Otherwise, no discovery has taken place in any of the newly filed actions.

The only significant activity in these cases has occurred in the District of Minnesota, where the <u>Parler</u> action originated.  KFC maintains that Plaintiffs cannot proceed collectively or on a class basis in any jurisdiction, since, as the <u>Parler</u> Court stated, "[b]ecause their job duties differ on a restaurant-by-restaurant basis, the plaintiffs concede that they are *not* similarly situated."  <u>Parler</u> Report and Recommendation, Conlon Affirmation Ex. B, [Dkt. No. 169] at 2 (emphasis added).  Accordingly, KFC filed a motion before the Minnesota Court to estop Plaintiffs from proceeding either collectively or on behalf of a class because of their previous

---

[1]  Two actions are pending in the United States District Court for the District of Minnesota. Because the actions are related, the second action, <u>Ackerman</u>, was transferred to the <u>Parler</u> court.

[2]  The two state court actions have since been properly removed to federal court by KFC.

[3]  In 11 of the cases, Plaintiffs also allege state-law claims.  Before the AAA, the Plaintiffs have alleged violations of the FLSA and "state wage and hour laws."

representations in Parler.[4]  Also pending before the Minnesota Court is KFC's motion asking that the 324 Plaintiffs who have filed arbitration demands be enjoined from proceeding in arbitration, as they waived their right to arbitrate by litigating their claims in district court for nearly two years before filing their demands to arbitrate.  KFC Motion to Enjoin Arbitration, Conlon Affirmation Ex. D, [Parler Dkt. 185, 187].  Both motions are scheduled to be heard on September 6, 2007.  Parler and Ackerman Hearings, Conlon Affirmation Exs. E & F [Parler Dkt. 191-1, Ackerman Dkt. 8].

On August 21, 2007, KFC filed a motion before the Judicial Panel on Multidistrict Litigation ("the Panel"), asking the Panel to transfer the 27 newly-filed cases to the United States District Court for the District of Minnesota to coordinate pre-trial proceedings.[5]  The transfer of multidistrict litigation to a single district is designed to eliminate duplicative discovery, avoid conflicting rulings, and save time and costs to litigants and the courts.  In re Plumbing Fixtures Cases, 298 F. Supp. 484 (J.P.M.L. 1968).  It is for precisely those reasons that KFC believes its motion for transfer will be granted by the Panel and why a stay is necessary in this case.  See KFC's MDL Motion, Conlon Affirmation Ex. G.

**Argument**

KFC requests that this Court stay this action pending a decision by the Panel on KFC's transfer motion.  "[T]he power to stay proceedings is incidental to the power inherent in every

---

[4]  KFC's motion was filed in Ackerman, et al. v. KFC, No. 07-cv-02656-PJS-JJG (D. Minn.), Conlon Affirmation Ex. C. [Ackerman Dkt. 10].  Ackerman was brought by Minnesota AUMs dismissed from Parler and is pending before the same court as the original, now single plaintiff, Parler action.

[5]  As required by the multidistrict litigation statute, 28 U.S.C. § 1407(c)(ii), a copy of KFC's motion was filed with this court.

3

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In this case, a stay is particularly warranted, because a stay "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Conroy v. Fresh Del Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). "Moreover, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources conserved." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). Three factors that a court may consider when acting on a stay request—the judicial resources preserved, the hardship to the moving party if the case is not stayed, and the prejudice of a stay, if any, to the non-moving party—lean heavily toward the propriety of a stay in this case. Id. at 1360.

A stay would save both KFC and Plaintiffs the hardship of litigating the identical estoppel issue in multiple jurisdictions, litigating other identical legal issues in multiple jurisdictions, and conducting virtually identical discovery in multiple jurisdictions. Moreover, a stay would conserve judicial resources because it would avoid requiring this Court to spend its time on facts, procedural history and claims that the transferee court may consider, and eliminate duplicative hearings and motions. Additionally, because the 27 new actions have only recently

been filed,[6] a stay would not prejudice or inconvenience the parties. In contrast, Defendant will be substantially prejudiced if it is required to expend significant effort and resources defending duplicative cases around the country. Finally, because a stay would avoid duplicative motions and discovery, it would also avoid the possibility of inconsistent rulings across various jurisdictions.

### 1. Staying This Action Promotes Judicial Economy.

KFC maintains that Plaintiffs are barred from proceeding collectively, as a class, or joined, by the representations that they made to the court in *Parler* that they were not similarly situated. As noted above, KFC has filed a motion before the Minnesota court asking that court to hold those Plaintiffs estopped from proceeding collectively or on behalf of a class. Twenty-four of the new FLSA cases involve multiple plaintiffs, including the action before this court, and therefore also raise the common question whether Plaintiffs are judicially estopped from proceeding collectively or on behalf of a class or joining their claims based on the same underlying facts. A stay would conserve judicial resources because it would avoid requiring this Court to spend its time and energy becoming familiar with facts, procedural history and claims with which another Court is already intimately familiar and is currently considering, and eliminate duplicative hearings and motions. "Because [the ...] other cases present the same or a similar issue as is presented here, judicial economy clearly favors a stay [pending a decision by the Panel]." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001). In addition, this Court has not yet invested significant time with motions practice and supervising

---

6    The original Parler action, because it has been actively litigated for nearly two years, is the only related action to have proceeded significantly.

discovery—duties that may be transferred to another court—and therefore a stay pending a decision by the Panel would preserve judicial resources.

**2. Staying This Action Does Not Harm Plaintiffs And Will Prevent Hardship to Defendant.**

Both parties will benefit from a temporary stay of this action pending a decision from the Panel.  Absent a stay, KFC will be irreparably harmed because it will be deprived of one of the purposes of the multidistrict litigation statute—coordinated discovery—and KFC will be forced to defend itself against virtually identical actions across the country, with the duplicative discovery and motions practice that attend nearly identical claims.  In fact, Defendant has already begun responding to nearly identical discovery requests in these actions.  However, should this court stay this action and KFC's motion for transfer is successful, the transferee court will have the ability to coordinate discovery and eliminate this repetition of effort and waste of resources. Moreover, the benefits to the Defendant—avoidance of repetitive discovery and motions practice—also inure to the benefit of Plaintiffs as they similarly avoid repetitive discovery and motions.  And because KFC is only requesting a temporary stay pending a decision by the Panel, any delay to the Plaintiffs will likely be short and therefore will be only a minor inconvenience to Plaintiffs.  The benefits to the court, KFC, and the Plaintiffs in this case clearly outweigh any minor delay the issuance of a stay may cause.

**3. Staying This Action Avoids Potentially Inconsistent Rulings.**

As explained above, the same attorneys, representing the same individuals who were parties to the original Parler action, have filed nearly identical claims against KFC in 27 different courts.  Though the Plaintiffs are not "similarly situated" such that their claims may be tried

together, there is no question that identical questions of law and fact will have to be resolved in each of these actions. The chance of potentially inconsistent rulings, therefore, is not remote, which is one of the reasons KFC has moved to transfer all of these actions to the same Minnesota court. Ex. G. As discussed above, for example, KFC has already filed a motion to estop Plaintiffs from proceeding on a collective or class basis in Minnesota, Conlon Affirmation Ex. C, [Ackerman Dkt. 10], and should KFC's transfer motion be denied, KFC will file similar motions in the 23 other multi-Plaintiff jurisdictions, including this one, where Plaintiffs purport to proceed collectively or on behalf of a class. "The purpose of [MDL] transfers is to further judicial economy and to eliminate the potential of conflicting pretrial rulings." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). Staying proceedings in this case pending a transfer decision by the Panel will help eliminate the potential for potentially conflicting pretrial rulings, particularly regarding whether the former Parler Plaintiffs are estopped from proceeding collectively or as a class.

## CONCLUSION

As a former chairman of the Judicial Panel on Multidistrict Litigation observed:

> a court may wish to defer to the transferee court on a pivotal issue that is likely to be present in other centralized actions; a court may wish to avoid dueling discovery activities and wait until a single transferee court can devise its own schedule accommodating the interests of all a docket's parties and witnesses; or a court . . . may not wish to expend significant energies in developing a familiarity with issues involved in an action likely soon to be assigned to another court.

John F. Nangle, From the Horse's Mouth: The Workings of the Judicial Panel on Multidistrict Litigation, 66 Def. Counsel J. 341, 343 (1999), Conlon Affirmation Ex. H. All of the factors

noted by Judge Nangle are present here and all point to staying this action. Therefore, for the foregoing reasons, KFC respectfully requests this Court to grant KFC's motion to temporarily stay this action until the Panel has ruled on KFC's motion to transfer pursuant to 28 U.S.C. § 1407.

Date:  August 24, 2007                          Respectfully submitted,

                                               MAYER, BROWN, ROWE & MAW LLP

                                               _____
                                               John M. Conlon (JC-3616)

                                               1675 Broadway
                                               New York, NY 10019
                                               (212) 506-2500

                                               Attorneys for Defendants

Robert P. Davis
MAYER, BROWN, ROWE & MAW LLP
1909 K St. NW
Washington, DC 20006
Telephone: (202) 263-3000

Diana L. Hoover
MAYER, BROWN, ROWE & MAW LLP
700 Louisiana Street
Suite 3400
Houston, TX 77002
Telephone: (713) 238-2628