IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID THAMES et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KFC Corporation, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 07-cv-6836 <br> JUDGE PAULEY <br> MAGISTRATE JUDGE MAAS |

**Plaintiffs' Memorandum of Law in Opposition to Defendant's
Motion to Stay Proceedings Pending a Decision by the
Judicial Panel for Multidistrict Litigation**

## INTRODUCTION

Defendant's motion to stay pending the result of its request to transfer this and 26 other Federal District court cases to Multi-District Litigation ("MDL") should be rejected for three reasons. First, Defendant's MDL request represents a complete reversal of its previous arguments and will be rejected by the MDL Panel. Therefore, the only practical result of a stay would be several months of additional delay in a case that was originally filed two years ago. Second, extensive coordinated discovery already took place by the same counsel prior to decertification of the original action, and that coordinated effort will continue for the little discovery that remains. Third, because Defendant is unable to articulate any "collective discovery" or other pretrial proceedings that will be better handled by one MDL court, and Defendant's request for MDL is limited to "pretrial proceedings," this action will eventually return to this Court even if Defendant's request for MDL is granted entirely or in part.

As such, Defendant's motion for unnecessary delay should be denied.

## BACKGROUND

The instant case is the result of decertification of a collective action overtime lawsuit brought by 998 Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201 et al. As a result of decertification, Plaintiffs re-filed their overtime claims on a state-by-state basis, resulting in 28 actions in 27 states. Because the original action was filed two years ago, significant discovery has occurred, and the parties have cooperated with one another during the discovery process. In fact, all that remains for discovery is, perhaps, more depositions (the parties have taken approximately forty to date), and some supplemental document production. Defendant has already provided responses to most of Plaintiffs' discovery requests, and over 900 of the 998 Plaintiffs have provided responses to Defendant's requests.

Defendant has taken a two-pronged approach to delay this litigation. Defendant's first attempt at delay is by asking the courts to stay issuing a scheduling order pending a ruling from the court that decertified the collective action as to whether Plaintiffs are judicially estopped from joining their claims together on a state-by-state basis in the courts where they re-filed. By its motion, Defendant is seeking an order that Plaintiffs must file 998 separate actions because, according to Defendant, they are not similar enough to proceed together in any other way.

Defendant's second attempt at delay is through the current motion to stay wherein Defendant argues Plaintiffs are similar and seeks to transfer these 28 actions to MDL asking that the same Judge who decertified the action take over the case and the claims of

2

the 998 individuals for a period of time – only to later send those 998 individuals back into the court system to file 998 separate claims.

## ARGUMENT

Whether to grant a motion to stay pending a ruling on transfer to the MDL lies within the trial court's discretion. Landis v. North American Co., 299 U.S. 248, 254 (1936). Rule 1.5 of the Judicial Panel on Multidistrict Litigation is clear that the filing of a motion for transfer does not mean the district court is required to stay the proceedings before it:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 <u>does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court</u>. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

(Emphasis added); General Elec. Co. v. Byrne, 611 F.2d 670, 673 (7th Cir. 1979); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F.Supp. 1186, 1188-89 (N.D. Cal. 1997) (a transferor court need not generally suspend proceedings because an MDL transfer motion is filed) (citing Manual for Complex Litigation 3d § 31.131, p. 252 (3d ed. 1995).

In deciding a motion to stay, courts typically consider whether judicial economy favors a stay; prejudice to the non-moving party if the motion is granted; and any hardship or inequity to the moving party if the motion is denied. Terkel v. AT&T Inc., 2006 WL 1663456, *1 (N.D. Ill. June 9, 2006) (citing Bd. of Tr. Of Teachers' Ret. Sys. Of State of Ill. v. Worldcom, Inc., 244 F.Supp.2d 900, 905 (N.D. Ill. 2002); Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

3

### 1. **<u>Judicial Economy Will be Best Served by Allowing this Case to Proceed.</u>**

Judicial economy will not be served by stalling a case that will inevitably end up back before this Court. Defendant seeks a transfer where discovery is nearly complete and dispositive motions will need to be decided on a state-by-state basis (or given Defendant's representations, on a person-by-person basis). The Court to which Defendant seeks such a transfer is the Minnesota Court that recently decertified the original action so the Plaintiffs could re-file in the appropriate jurisdiction and proceed to a final resolution of their claims. Defendant's request means that the Minnesota Judge will decide 27 separate motions for summary judgment and in addition to applying federal law, also apply the laws specific to Plaintiffs' state law claims. After dispostive motions, Defendant's counsel has represented that it will seek transfer of these claims out of MDL to be re-filed on a person-by-person basis, resulting in 998 separate actions. Judicial economy is not best served by delaying cases that will inevitably end up back before this Court.

Defendant argues that because it brought a motion in <u>Ackerman v. KFC</u>, No.07-cv-02656 (PJS/JJG) (D. Minn.), arguing that Plaintiffs are estopped from proceeding collectively or by class, and that it may file the identical motion in 24 other states, that staying the litigation pending a decision regarding MDL is appropriate because Defendant will not have to bring the same motion before 24 judges and it eliminates the possibility of inconsistent results. While this explanation may seem plausible, Defendant has omitted certain relevant facts about its estoppel motion that do not support its arguments on the promotion of judicial economy at all.

The estoppel motion is currently set for a September 6, 2007 hearing before the same Minnesota judge who handled the original action and from which the basis for Defendant's motion on estoppel stems. Defendant has not filed the motion in any other court. If Defendant's motion is denied, it would seem unlikely (given the prohibitions of Rule 11) that Defendant would deem it appropriate to try to convince other courts, including this one, that Plaintiffs should be estopped from filing their claims together on a state-by-state basis, based on where they worked.

Therefore, staying this action pending a motion Defendant is unlikely to bring in courts other than Minnesota is not necessary. Even if for some reason Defendant's motion that Plaintiffs are estopped from proceeding collectively is granted, the parties will still end up back before this Court to ultimately resolve their claims.

Judicial economy is best served by allowing this case to proceed to a resolution on the merits.[1]

### 2. Staying this Action will Prejudice Plaintiffs Who Have Been Litigating Their Claims for Nearly 2 Years.

Staying this action will prejudice Plaintiffs because it will cause many more months of unnecessary delay of their claims that have already been pending for two years. These are claims that will eventually be back before this Court for resolution, even if Defendant's motion for MDL is granted for pretrial proceedings - which Defendant fails to acknowledge are nearly complete.

---

[1] Magistrate Judge Timothy S. Hogan, U.S. District Court, Southern District of Ohio – Western Division, Judge Rebecca R. Pallmeyer, U.S. District of Illinois, and Judge David G. Campbell, U.S. Judge for the District of Arizona, have all denied Defendant's Motion to Stay after hearing oral argument on the issue. See Ex. A & C; Fisher Aff. at ¶ 2. On August 29, 2007, Magistrate Judge Jeanne J. Graham, U.S. District of Minnesota who is handling the Parler and Ackerman cases issued a scheduling order in the Ackerman case after meeting with the parties even though Defendant's motion for a stay was pending. Fisher Aff. at ¶ 2. A couple of courts have granted Defendant's motion for stay, but without hearing any response from Plaintiffs as to why a stay is inappropriate. Fisher Aff. at ¶ 2.

While Defendant anticipates that the Judicial Panel will hear its Request for Transfer by November 2007, it cannot be certain. Nor can it be certain how many months after hearing its Request, a decision will be issued. This uncertainty severely prejudices Plaintiffs. For this reason alone, Defendant's motion should be denied.

**3.     Defendant Will Suffer No Undue Hardship if its Motion is Denied.**

Defendant argues that it will suffer undue hardship if its motion to stay is not granted because it will be forced to answer additional discovery. This argument is disingenuous.

Significant discovery has already occurred, and the parties have been cooperative with one another during the discovery process. In fact, all that remains for discovery is, perhaps, more depositions (the parties have taken approximately forty to date), and some supplemental document production. Defendant has already provided responses to most of Plaintiffs' discovery requests, and over 900 of the 998 Plaintiffs have provided responses to Defendant's requests.

Defendant has also argued that if the motion to stay is not granted, there is the possibility that repetitive motion practice could ensue. Defendant, however, fails to identify a specific motion or, for that matter, circumstance in support of its arguments - in large part because there has been very little court interaction with regard to discovery and the estoppel motion discussed above has only been filed in the Ackerman case. The only hardship Defendant faces if its motion is denied is the one it has faced all along - being named as a Defendant for failing to pay Plaintiffs overtime compensation pursuant to the FLSA. Accordingly, Defendant's motion should be denied.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court deny Defendant's Motion to Stay Proceedings Pending a Decision by the Judicial Panel for Multidistrict Litigation, and allow Plaintiffs' claims to proceed to resolution.

Dated: August 31, 2007         /s/ Jack A. Raisner
OUTTEN & GOLDEN, LLP
Jack A. Raisner, JR 6171
Adam T. Klein, AK 3293
3 Park Ave, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005

ATTORNEYS FOR NAMED PLAINTIFFS
AND THE PUTATIVE CLASS