UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
David Thames on behalf of himself :
and classes of those similarly
situated, and Fabiola Adonis, Akash :
Ahmed, Augstin Alvarez, James
Anderson, Kenneth Bird, Saleha :
Biswas, Annabelle Boose, Chris
Bradshaw, Santrese Brower-Haynes, :
Paul Brown, Jeffrey Coleman,
Tammie Cromartie, Noel Reyes :
Contreras, Antionette Davis, Patricia
Deline, Jasmin Diaz, Hakan Duzel, :
Alfonso Esquivel, Vilma Flamenco,
Taga Fahim, Salvatore Grande, Akes : **ECF Case**
Handy, Kim Harley, Roger Hillaire,
Luke Hopkins, Suzette Johnson, :
David Latimer, Doris Laya Calle,
Lisa Muse, Roudy Noel, Nathan :
Ouderkirk, Denise Pokrentowski, Iris      Case No. 1:07-cv-6836-WHP
Rivera, Awilda Rosario, Joeann :
Starling, Judith Sutherland, Sherron
Thomas, Leon Tucker, Marcus :
Vaughn, and Denise Williams
collectively, :

            Plaintiffs,
                               :

vs.
                               :
KFC Corporation,

           Defendant.       :
------------------------------------------------------------- x


**Defendant's Reply Memorandum in Further Support of Its Motion to Stay Proceedings
Pending a Decision by the Judicial Panel for Multidistrict Litigation**

## Introduction

Plaintiffs' response in opposition to Defendant KFC Corporation's ("KFC") motion to stay pending a transfer decision by the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or the "Panel") mischaracterizes KFC's motion and its intentions. To correct Plaintiffs' mischaracterizations, and in further support of its motion, KFC respectfully submits the following brief points on reply.

## Argument

**1.    KFC's motion is for purposes of efficiency, not delay.**

As an initial matter, Plaintiffs wrongly portray KFC's motion to stay as an "attempt at delay," (Pls.' Opp'n at 2), and as a "motion for unnecessary delay," (id.). These sound bites are a red herring, as KFC simply desires a stay to conserve judicial and party resources and duplication of efforts. KFC has no interest in extending the lifetime of this or any other of the 28 cases it has moved to transfer and coordinate in the Minnesota court. To the contrary, it is Plaintiffs' counsel who have caused any delays in these matters by first filing and pursuing claims on behalf of a group of dissimilarly situated employees, which inevitably led to decertification of the class. KFC's intent is to conserve resources, and a brief stay pending resolution of whether these cases will be centralized for pretrial proceedings[1] is fully in line with that intent. In fact, not only does such a stay conserve KFC's resources, it also conserves those of this Court and even of Plaintiffs, for at least the brief period of time during which the parties

---

[1] Plaintiffs' responsive briefing is due before the MDL panel on September 13, 2007, and KFC's reply is due on the September 20, 2007.

await the ruling of the MDL Panel. As such, the benefits to the parties and the Court outweigh any minor detriment that a stay may potentially cause.

### 2.    The potential for remand has nothing to do with "delay."

The fact that there is a chance that Plaintiffs and their claims *could* be remanded to this Court after centralization of pretrial proceedings in the MDL transferee court also does not support Plaintiffs' assertion that KFC's motion to stay pending resolution of the Panel's decision is a "delay tactic," (Pls.' Opp'n at 2), rather than the result of a desire for economy. Plaintiffs are correct in that it is KFC's position that their claims cannot be tried on a state-by-state basis. It was *Plaintiffs*, however, who successfully argued in Parler v. KFC Corp., Civ. No. 05-2198-PJS-JJG, D. Minn. ("Parler"), that their duties varied from restaurant to restaurant, who conceded that they are not similarly situated, and who implicitly recognized that their claims must be decided individually or, if appropriate, along with another AUM from the same restaurant.[2] (*See* Defendant's Motion to Stay at 2 & Ex. B thereto.) The question of whether Plaintiffs may now bring their claims collectively is common to the cases they filed around the country, including this one. Other questions of law and fact likewise are common between the cases. Bringing the various cases before an MDL Court will ensure consistency in those essential pretrial rulings, avoid the need to reconsider or reverse this Court's rulings if inconsistent with those of the MDL Court, and will ultimately conserve resources, regardless of whether this case is remanded for individual trials.

---

[2] KFC does not, however, concede that even those AUMs who worked at the same restaurant are similarly situated. If they worked with different managers at different times within the relevant time period, they may very well have performed different duties and may not be similarly situated.

results. In these circumstances, judicial economy "clearly favors a stay." Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001).

**4.   KFC's MDL request is not inconsistent with its previous arguments.**

Plaintiffs wrongly claim that KFC's MDL request "represents a complete reversal of its previous arguments and will be rejected by the MDL Panel," but cite no authority for—or even any argument in support of—this assertion anywhere in their brief, nor can they. Indeed, less than a month ago, the MDL Panel rejected a similar argument by plaintiffs who resisted centralization on the ground that their cases did "not present significant overlapping issues of fact, since the actions [would] likely depend on facts unique to each Tyson plant at which plaintiffs worked." In re Tyson Foods, Inc. Fair Labor Standards Act Litig., MDL No. 1854, at 2 (Aug. 17, 2007) (attached as Exhibit A to the Reply Affirmation of John M. Conlon, dated September 13, 2007 ("Conlon Reply Aff.")). The Panel explained that "[t]ransfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer" but instead should be ordered whenever, as in this case, some common questions are present and centralized proceedings and coordinated discovery would "lead[] to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary." Id. Plaintiffs' contention that it is inconsistent for KFC to file a motion with the MDL Panel while also opposing class certification in particular cases is thus baseless, as the MDL Panel routinely centralizes litigation for pretrial proceedings even though the plaintiffs' claims cannot be joined and are inappropriate for class certification. See, e.g., In re Baycol Prods. Liab. Litig., 2002 WL 32155269, at *2 (D. Minn. July 5, 2002) (holding that, although actions had been centralized for coordinated pretrial proceedings, Rule 20 joinder was

4

inappropriate due to the "many differences between the unique histories of each plaintiff"); see also, e.g., In re Equity Funding Corp. of Am. Secs. Litig., 375 F. Supp. 1378, 1384 (J.P.M.L. 1973) ("It is the province of the Panel to decide whether in the first instance the litigation should be transferred for coordinated or consolidated pretrial proceedings. It is the province of the transferee judge to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated.").

KFC has in no way reversed any of its prior arguments by asking the Panel to transfer the 27 additional actions to the United States District Court for the District of Minnesota. It is and has been KFC's position that although Plaintiffs are not "similarly situated" such that their claims may be tried collectively or under the rules of joinder, there nevertheless exist common questions of law—such as whether Plaintiffs are judicially estopped from proceeding collectively or as a class in any jurisdiction—and of fact—some of which may be resolved through consolidated discovery—that will have to be addressed for each of these actions. Accordingly, transfer by the MDL panel is proper, and this Court should conclude, as a majority of courts have, that it may be appropriate to stay preliminary pretrial proceedings while there is a motion to transfer pending. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

**5.    A stay in this case would be concurrent with stays already granted in others.**

Finally, although Plaintiffs identified only three courts that have denied KFC's motion to stay, the courts in North Carolina, Florida, Virginia, and Texas have granted stays pending the MDL panel's resolution of KFC's transfer motion (see Conlon Reply Aff., Exs. B-E), and the courts in Massachusetts, Michigan and Tennessee have adjourned their scheduling conferences, having learned of the MDL filing (see Conlon Reply Aff., Exs. F-H). Defendant respectfully

requests that this Court join those others in recognizing that the conservation of resources in these cases, both judicial and individual, is best met by a brief stay while the Panel considers KFC's motion to transfer.

## **Conclusion**

For the foregoing reasons, KFC respectfully requests that this Court grant KFC's motion to stay this action until the Panel has ruled on KFC's motion to transfer pursuant to 28 U.S.C. § 1407.

Dated: September 13, 2007
       New York, New York

                                    Respectfully submitted,

                                    MAYER BROWN LLP

                                    John M. Conlon

                                    1675 Broadway
                                    New York, NY 10019
                                    (212) 506-2500

                                    Attorneys for Defendants

Robert P. Davis
MAYER BROWN LLP
1909 K St. NW
Washington, DC 20006
Telephone: (202) 263-3000

Diana L. Hoover
MAYER BROWN LLP
700 Louisiana Street
Suite 3400

6

Houston, TX 77002
Telephone: (713) 238-2628

## CERTIFICATE OF SERVICE

I, Evan A. Creutz, do hereby certify that I have on September 13, 2007 caused true and correct copies of the foregoing affirmation to be filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Adam T. Klein
Jack A. Raisner
OUTTEN & GOLDEN LLP
3 Park Avenue, 25th Floor
New York, NY 10016

and

Donald H. Nichols
Paul J. Lukas
Michelle R. Fisher
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
fisher@nka.com

_____
Evan A. Creutz