IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID THAMES ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KFC CORPORATION, <br> Defendant. | Case No. 1:07-cv-06836-WHP |

### REPORT OF THE PARTIES' PLANNING MEETING

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>November 9, 2007</u> between:

   Charles G. Frohman of Nichols Kaster & Anderson, for Plaintiffs, and
   Rebecca Stewart of Mayer Brown LLP, for Defendant.

2. **Jurisdiction.** Plaintiffs state that jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1443 because this claim involves a federal question arising under the laws of the United States.

3. **Statement of Undisputed Facts.** Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are not disputed: Plaintiffs worked as Assistant Unit Managers for Defendant at its restaurants in locations throughout the State of New York.

4. **Brief Explanation of the Case.**

   a. <u>Plaintiffs' claims</u>:

   Plaintiffs worked as assistant unit managers at Defendant's KFC restaurants in the State of New York. Defendant required Plaintiffs to work over forty hours during individual workweeks without providing proper overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. As a result, Plaintiffs seek the following remedies: judgment that Defendant violated the FLSA and New York state wage and hour laws; that such violations were willful; back pay owed to Plaintiffs by Defendant at the applicable overtime rates; liquidated damages or prejudgment interest with respect to the FLSA claims only; and attorneys' fees and costs. Plaintiffs deny that they previously admitted they were not similarly situated on a state-by-state basis.

b. <u>Defendant's claims</u>:

Plaintiffs were previously parties to *Parler v. KFC Corp.*, Civ. No. 05-2198-PJS-JJG, D. Minn. In that action, Plaintiffs admitted to that Court that they are not similarly situated by successfully moving to decertify the conditionally-certified *Parler* class on the basis that their "job duties vary from 'restaurant to restaurant.'" Accordingly, it is KFC's position that Plaintiffs' case must be dismissed because Plaintiffs are estopped from proceeding collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), proceeding on behalf of a class under Fed. R. Civ. P. 23, or from joining their claims under the Federal Rules of Civil Procedure, or otherwise. In any event, KFC denies that Plaintiffs are entitled to overtime compensation under the FLSA or that KFC either willingly or negligently violated the Act.

5. **Pre-trial Schedule.**

<u>Plaintiffs propose the following discovery plan:</u>

a. Discovery will be needed on the following subjects: whether Plaintiffs were properly classified as exempt; how many overtime hours Plaintiffs worked; whether Defendant's conduct was willful and not in good faith; and whether Plaintiffs are similarly situated.

b. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made by <u>November 30, 2007</u>. All discovery to be commenced in time to be completed by <u>May 9, 2008</u>.

c. Plaintiffs expect they may need up to <u>twenty-five (25)</u> depositions.

d. Reports from retained experts under Rule 26(a)(2) due:
From Plaintiffs by: <u>June 9, 2008</u>.
From Defendant by: <u>June 30, 2008</u>.

e. Parties should be allowed until <u>March 3, 2008</u> to join additional parties and to amend the pleadings.

f. All potentially dispositive motions should be filed by <u>June 9, 2008</u>.

g. Final pretrial order: Plaintiff to prepare proposed draft by <u>July 11, 2008</u>; parties to file joint pretrial order by <u>August 15, 2008</u>.

h. The case should be ready for jury trial by <u>September 15, 2008</u>. [and at this time is expected to take approximately <u>three weeks</u>].

<u>Defendant proposes the following discovery plan:</u>

KFC notes that it has filed a motion to stay all action in this proceeding pending a transfer decision by the Judicial Panel on Multidistrict Litigation. Accordingly, it is KFC's position that setting limits on the scope and subject matter of discovery and deadlines for pretrial pleadings and disclosures as proposed by Plaintiffs is premature at this time and should be deferred pending resolution of the transfer issue. If the MDL panel grants KFC's motion to transfer the pending cases to an MDL court, that court will determine the appropriate scope and limits upon such filings and discovery after consideration of initial pretrial issues, including Defendant's motion to estop Plaintiffs from proceeding collectively. Should this Court disagree with KFC's position, however, KFC suggests, in the alternative, the contours on discovery and deadlines for pretrial matters outlined below:

a.   KFC believes that additional discovery will be needed on the following: Whether one or more defenses to Plaintiffs' claims asserted by Defendant KFC Corporation bar, in whole or in part, Plaintiffs' recovery.

b.   Defendant made its disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on November 21, 2007. All fact discovery commenced in time to be completed by November 3, 2008.

c.   Plaintiffs and Defendant may each take a total of 250 hours of depositions. Each deposition shall be limited to maximum of 7 hours unless extended by agreement of parties.

d.   Reports from retained experts under Rule 26(a)(2) shall be due from Plaintiffs by September 29, 2008. Reports from retained experts under Rule 26(a)(2) shall be due from Defendant by October 27, 2008.

e.   In addition to its general objection regarding the setting of deadlines for and limitations on discovery and pretrial matters, KFC specifically disagrees with Plaintiffs' contention that additional time may be needed to allow additional parties to join this action, because Plaintiffs are judicially estopped from doing so, as described in Part I. Multidistrict litigation is appropriate here for pretrial purposes in that certain issues, including whether Plaintiffs may proceed collectively, are common to the pending cases. Plaintiffs' individual claims, however, do not satisfy the federal rules related to joinder because, as Plaintiffs admit, their duties varied from restaurant-to-restaurant.

f.   All potentially dispositive motions shall be filed by December 1, 2008.

g.   Final pretrial order: Plaintiffs to prepare proposed draft by January 5, 2009; parties to file joint pretrial order by February 2, 2009.

h.   The case should be ready for jury trial by March 2, 2009. [and at this time is expected to take approximately three weeks].

6.   **Settlement.** Settlement is unlikely at this time.

7. **Consent.** Parties <u>do not</u> consent unanimously to proceed before a Magistrate Judge.

DATED: 11·27·07

NICHOLS KASTER & ANDERSON, PLLP

*(signature)*

Donald H. Nichols, # DHN0689
Paul J. Lukas, # 22084X*
Michele R. Fisher, # MF4600
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*admitted *pro hac vice*

OUTTEN & GOLDEN, LLP
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS

Dated: 11/26/07

MAYER BROWN LLP

*(signature)*

Robert P. Davis
1909 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Fax: (202) 263-3300

Diana L. Hoover
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone: (713) 238-2628
Fax: (713) 238-4628

John M. Conlon (JC-3616)
1675 Broadway
New York, N.Y. 10019
Telephone: (212) 506-2500
Fax: (212) 262-1910

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

John Matthew Conlon
Adam T. Klein
Jack A. Raisner

---

Dated: November 27, 2007                    NICHOLS KASTER & ANDERSON, PLLP


s/Michele R. Fisher